IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| THOMAS RUSSELL GIBSON | § | |
| v. | § | CIVIL ACTION NO. 6:10cv136 |
| DAVID LANGSTON, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Thomas Gibson, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. 636(c). The named Defendants in the case are Michael Unit dentist Dr. David Langston, warden John Rupert, and Dr. Owen Murray, President of the University of Texas Medical Branch, Correctional Managed Care division.

An evidentiary hearing was conducted on July 8, 2010. At this hearing, Gibson testified that during an earlier period of incarceration with TDCJ, he agreed to have all of his teeth removed upon a promise that he would be given dentures every five years. He was later released on parole, but returned to TDCJ some time late in 2004. When he returned to TDCJ, he did not have his dentures with him, and has been unable to obtain them.

After his return to TDCJ, Gibson said, he learned that the policy had changed, and that TDCJ was no longer providing dentures. He says that he has difficulty chewing and that as a result, he has problems with constipation, flatulence, and receding and bleeding gums. Gibson said that he had to eat quickly and that he has been told that the unit does not give out "slow eating passes." He conceded that there were "blended diet" passes and that he has been offered such a pass, so that he will be provided blended food which does not require as much chewing, but that he has declined.

Gibson said that he is five feet nine inches tall and weighs 227 pounds. The Court noted at the hearing that Gibson's body mass index is probably too high for him to have dentures under TDCJ policy, and Gibson said yes, but that he still suffers from flatulence and stomachaches, and that he is on medicine for indigestion and constipation. He stated that he believed that these conditions arose from having to swallow large chunks of food that he was unable to chew.

Major Bowman, a TDCJ official also present at the hearing, testified under oath that a slow eating pass would be honored if obtained from medical personnel. Nurse Maggie Dotson, a correctional nurse also present at the hearing, stated that the dental department does give slow eating passes, but Gibson's records show that he has never requested one. According to Nurse Dotson, requests for dentures go to a committee which she described as the "DURQC" committee; this committee evaluates various criteria, Nurse Dotson said, one of which is the inmate's body mass index. She stated that dentures generally are not provided to inmates with a body mass index over 18.9.

In discussing the defendants whom he sued, Gibson stated that Dr. Langston is the dentist at the unit. He said that Dr. Langston never offered him a slow eating pass and that other doctors at the unit told him that they do not do that. Owen Murray is the President of the University of Texas Medical Branch, Correctional Managed Care division, and Warden Rupert, the senior warden of the Michael Unit, is in charge of the grievance process at the unit. Gibson conceded that Rupert had not actually signed the grievance denying his claims – in fact, it was signed by a nurse named Tara Patton – but that Warden Rupert was in charge of the grievance process.

Legal Standards and Analysis

In Huffman v. Linthicum, 265 Fed.Appx. 162. 2008 WL 341573 (5th Cir., Feb. 6, 2008), the plaintiff alleged that he suffered from physical pain, swollen gums, weight loss, disfigurement, and stomach pain due to the failure of the defendants to provide him with dentures. The Fifth Circuit held that these claims were not frivolous. Similarly, in Vasquez v. Dretke, the plaintiff alleged that because he has no dentures, he suffered from difficulty eating, headaches, disfigurement, severe pain,

bleeding in his mouth, and blood in his stool. The Fifth Circuit held that these allegations were sufficient to state a claim.

In the present case, Gibson alleged that he suffered constipation, indigestion, bleeding and receding gums, and gum infections as a result of the lack of dentures. As in Huffman and Vasquez, these claims are sufficient to require further judicial proceedings on the Plaintiff's claims against Dr. Langston.

At the evidentiary hearing, Gibson made the conclusory allegation that Dr. Murray "set policy." There is no dispute that a policy has been established which does not allow inmates to receive dentures except under very limited circumstances. In previous cases of this type, the Court has permitted the plaintiff to go forward with claims against Dr. Murray as the policymaker for the UTMB Correctional Managed Care system. *See* Myles v. Langston, partial order of dismissal, civil action no. 6:09cv299, 2010 WL 596360 (E.D.Tex., February 16, 2010) (allowing plaintiff to proceed against Dr. Langston and Dr. Murray); *accord*, Huffman v. Linthicum, 265 Fed.Appx. at *1 (permitting plaintiff to proceed against policymakers responsible for the TDCJ denture policy). Further judicial proceedings are required on the Plaintiff's claims against Dr. Murray.

The final defendant named by Gibson is Warden Rupert, the senior warden at the Michael Unit. At the hearing, Gibson explained that Rupert is "in charge of the grievance procedure" at the Michael Unit, although Rupert did not sign the Step One grievance pertaining to the issue in this case.

The Fifth Circuit has held that inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction, and so there is no violation of due process when prison officials fail to do so. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also* Edmond v. Martin, et al., slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); Thomas v. Lensing, et al., slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). The fact that the grievance process did not result in the outcome which Gibson believed appropriate does

not set out a cause of action against Warden Rupert. His claim against Rupert is without merit and should be dismissed.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Gibson's claims against Warden Rupert lack any arguable basis in law and fail to state a claim upon which relief may be granted. Consequently, these claims may be dismissed as frivolous under 28 U.S.C. §1915A(b). *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993). It is accordingly

ORDERED that the Plaintiff's claims against Warden John Rupert are hereby DISMISSED as frivolous and for failure to state a claim upon which relief may be granted. Warden Rupert is hereby DISMISSED as a party to this lawsuit. The dismissal of these claims shall have no effect upon the Plaintiff's claims against Dr. Langston or Dr. Murray. Finally, it is

4

ORDERED that the dismissal of the claims against Warden Rupert shall not count as a strike for purposes of 28 U.S.C. §1915(g).

So **ORDERED** and **SIGNED** this **8** day of **July, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE